**In re HEGGS.**

[Cite as *In re Heggs* (1994), 92 Ohio App.3d 102.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920893.

Decided Jan. 5, 1994.

*John W. Eilers* and *Francis X. Lee,* for appellant Thomas Stueve.

*Joseph T. Deters* and *Robert E. Taylor,* for *amicus curiae,* Hon. Wayne F. Wilke.

*Per Curiam.*

Thomas Stueve ("appellant")[1] made application on November 9, 1990, to be appointed guardian of the estate only of Esther M. Heggs, incompetent. On the same date, the appellant and his counsel signed the following statement ("statement") which is filed in the estate papers:

## "STATEMENT OF COUNSEL & GUARDIAN

## "CUSTODY OF FUNDS

"Undersigned counsel and guardian agree that the funds of the within guardianship shall be maintained so that both signatures are required for their withdrawal and that withdrawals will be made only in accordance with the order of this Court."

On September 17, 1992, the appellant filed a "motion concerning custody of funds" in which he requested the probate court to issue an "order reversing the statement of November 9 filed herein and ordering that the guardian alone shall sign and be responsible for all accounts of the guardian." The motion of the appellant cited R.C. 2111.091 as support for the requested change.[2] On October 29, 1992, the probate judge caused to be journalized his opinion and entry overruling the motion concerning custody of funds; this appeal ensued.

The appellant assigns two errors to the action of the probate court. The first is that the court erred in determining R.C. 2111.091 to be unconstitutional, void and of no effect; the second is that the court erred in enforcing its policy of requiring attorneys to co-sign guardianship financial accounts. Both assignments of error are meritorious.

At the outset, we note that the record does not contain a transcript of the proceedings on the subject motion. As a result, we look to the opinion and entry of October 29, 1992 ("Opinion") to determine the legal effect of the actions which are under review here.

---

1. There is no appellee, in the customary sense, in this proceeding. The Honorable Wayne F. Wilke of the Hamilton County Court of Common Pleas, Probate Division, was granted leave to file a brief *amicus curiae* that supports the action of the probate court.

2. R.C. 2111.091, as effective March 6, 1992, provides as follows:
   "No attorney who represents any person other than himself who is appointed as a guardian under this chapter or under any other provision of the Revised Code shall do either of the following:
   "(A) Act as a person with co-responsibility for any guardianship asset for which the guardian he represents is responsible.
   "(B) Be a cosignatory on any financial account related to the guardianship, including any checking account, savings account, or other banking or trust account."

The Opinion contains the following statements:

" 'Joint control' became a standing order in this court as a means of diminishing the number of unauthorized expenditures and/or theft by guardians. * * *

"To date, Hamilton County is the only Probate Court in Ohio which utilizes joint control. * * *

"R.C. 2111.091 was enacted as an amendment to Senate Bill 273 and was specifically calculated to defeat this [Probate] Court's joint control requirement in guardianships. * * *

"Upon the effective date of R.C. 2111.091, th[is] [Probate] Court amended its rule to no longer mention attorneys as joint custodian but to continue to require a co-signer on all liquid financial assets of the guardianship. * * *

"Nevertheless, it is readily apparent that the sole purpose of R.C. 2111.091 is to circumvent a standing order of this [Probate] Court by doing indirectly what cannot be done directly—namely, emasculating the rulemaking authority of th[is] Probate Court."

The foregoing excerpts demonstrate that the probate court used several terms to designate the basis for the statement. Included in those terms are "standing order," "joint control," "requirement," "rule," and "rulemaking authority."

The opinion reflects the position that the statement addresses a procedural and not a substantive matter and therefore is embraced within the rulemaking authority of the court, and that any legislative enactment in conflict with the rule is void and of no effect. As a general exposition of the provisions of Section 5(B), Article IV, Ohio Constitution, that position is sound. However, it assumes the existence of a rule, either general or local, because the question of supremacy of a rule of procedure over a statutory enactment only arises if a rule has been adopted.

Pursuant to the constitutional provision noted above, the Ohio Supreme Court has adopted Rules of Superintendence for Courts of Common Pleas and has provided in C.P.Sup.R. 16 and 17 standardized forms for use in the probate courts of the several counties. The statement is not recognized in any of the forms provided in those superintendence rules. Further, C.P.Sup.R. 18 to 46, specifically applicable to probate courts, make no reference to such a statement.

C.P.Sup.R. 44(A) provides that the "probate division of the court of common pleas may adopt supplementary rules concerning local practice in their respective courts which are not inconsistent with these rules." This rule continues with the requirement that such local supplementary rules "shall be filed with the Supreme Court." The record before this court contains neither a local rule, providing for

the joint control of guardianship estates by the guardian and attorney or anyone else,[3] nor any evidence that the local rule, if it exists as a rule, has been filed with the Supreme Court as mandated by C.P.Sup.R. 44(A).

Therefore, because the record before this court does not demonstrate the adoption of a local rule, as contended in the friend-of-the-court brief, it follows that the Act of the legislature as codified in R.C. 2111.091 is not an unconstitutional interference with the rulemaking of the judiciary. The first assignment of error is sustained.

The second assignment of error is sustained as being subsumed in our treatment of the first assignment of error. However, we note that the opinion states that the probate court amended its rule (the court's term) so as not to require attorneys as joint custodians but to continue to require a co-signer, not necessarily an attorney, on all liquid financial assets of the guardianship.

Our decision obviously should not be interpreted to be a ruling having any application to the amended practice in the probate court. See Supplementary Local Rule 47 of the Hamilton County Court of Common Pleas, Probate Division.

The judgment of the probate court is reversed and the cause is remanded for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

KLUSMEIER, P.J., GORMAN and M.B. BETTMAN, JJ., concur.

---

**3.** The opinion states that "[u]pon the effective date of R.C. 2111.091 [March 6, 1992], the [c]ourt amended its rule to no longer mention attorneys as joint custodian but to continue to require a co-signer on all liquid financial assets of the guardianship." Continuing, the opinion states, "[t]he [c]ourt has continued to accept attorneys as cosigners until a ruling was [*sic* ] made upon the statute."